IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13541

MATTHEW JORDAN, and DANIEL KEMMIS,

Petitioners,

vs.

FRANK MURRAY, THE SECRETARY OF STATE
and ROBERT WOODAHL, THE ATTORNEY GENERAL
OF THE STATE OF MONTANA,

Respondents.

and

THE "NO ON INITIATIVE 71 COMMITTEE",
an unincorporated association, and EDWARD
KEIL, C. R. THIESEN, and RUSSELL J. COX,
individuals,

Intervenors.

FILED

SEP 23 1976

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

PER CURIAM:

This is an appeal by respondents and intervenors from an order of the district court of Lewis and Clark County granting a writ of mandamus compelling the Secretary of State to place the Attorney General's original explanatory statement or summary of Initiative No. 71 (the so-called nuclear siting initiative) on the ballot for the general election.

The order of the district court was orally entered by the district judge following hearing on September 22, 1976; the notice of appeal was filed September 23, the rules were suspended and the appeal was heard by this Court on the same day pursuant to written agreement and stipulation of counsel for all parties except the Secretary of State who did not appear; and the matter was argued, written briefs presented, and submitted to the Court for decision on September 23. It was represented to this Court by all appearing parties that this Court's decision herein was necessary not later than September 24 to meet statutory and printing deadlines.

We now reverse the order of the district court. We hold that the second explanatory statement or summary of the Attorney

- 1 -

General on Initiative 71 is entitled to be printed on the ballot

and we order the Secretary of State to proceed accordingly.

The reasons for our decision are:

(1) The original statement or summary of the Attorney

General, viz.

> "This act would amend the Montana Major Facility
> Siting Act. The proposed amendment would require
> legislative approval, in addition to the approval
> of the Board of Natural Resources, for construction
> of a nuclear facility. The Board may refuse
> approval if it finds: that the facility's lia-
> bility is limited; that the facility's safety
> system is not satisfactory; or that there is a
> reasonable chance that radioactive or chemically
> toxic waste may be released into the environment.
> The act would further require the governor to pub-
> lish procedures for evacuating affected communities
> and to establish emergency medical plans."

does not satisfy the requirements of section 37-104.1, R.C.M.

\* \* \*

1947, in that it is not "a/true and impartial statement of the

purpose of the measure in plain, easily understood language and

in such a manner as shall not be an argument or likely to create

prejudice for or against the measure." It could mislead the

voters and is therefore illegal.

(2) The second statement of the Attorney General, viz.

> "This Act would amend the Montana Major Facilities
> Siting Act by banning nuclear power plants in
> Montana until Congress removes federal liability
> limits. If this action takes place then further
> conditions must be met, or the ban of nuclear
> facilities would remain in effect. Such conditions
> include the comprehensive testing of substantially
> similar physical nuclear systems in actual operation
> and technical findings by the Legislature and the
> Board of Natural Resources that there is no reason-
> able chance of radioactive materials being released
> into the environment because of imperfect storage,
> earthquakes, acts of God, sabotage, act of war,
> theft, etc."

satisfies the requirements of section 37-104.1, R.C.M. 1947.

(3) Mandamus is a proper remedy. Section 93-9102, R.C.M.

1947.

(4) The Attorney General has the power to revise his

original statement or summary after the 10 day period provided

in section 37-104.1, R.C.M. 1947, by reason of section 37-106, R.C.M. 1947, providing that the form of ballot shall be prescribed by the attorney general without time limitation.

Let remittitur issue forthwith.

DATED this 23rd day of September, 1976.

_____
Chief Justice

_____

_____
Justices